IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHNNY RICH AND CAROLYN RICH, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | Case No. CIV-14-1010-R |
| STATE FARM FIRE AND CASUALTY COMPANY and TERRY CAVNAR, | ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiffs' Motion to Remand [Doc. No. 9], to which Defendant has filed a Response [Doc. No. 15]. On the same date as its response, Defendant State Farm Fire and Casualty Company ("State Farm") filed an Alternative Motion to Conduct Jurisdictional Discovery and for Stay of Ruling on Plaintiff's Motion to Remand [Doc. No. 16], to which Plaintiffs have objected. Having considered the parties' submissions with regard to both motions, for the reasons set forth herein, the Court hereby denies Defendant's request for discovery and a stay and grants Plaintiffs' motion to remand.

Plaintiffs commenced this action in the District Court of Cleveland County on September 30, 2013. Doc. No. 1, Ex. 1, at 1. The underlying dispute is State Farms' alleged failure to properly pay Plaintiffs for insured losses resulting from a May 20, 2013 tornado that damaged their Moore, Oklahoma home. *Id.* at 2. Citing 28 U.S.C. § 1332, State Farm removed the action to this Court on September 18, 2014. Doc. No. 1.

Conceding the presence of a non-diverse Defendant, Terry Cavnar, State Farm nevertheless asserted that the Court could exercise diversity jurisdiction because Cavnar, an insurance agent, had been fraudulently joined and thus his citizenship could be disregarded for purposes of assessing diversity. State Farm asserted that its removal was timely based on 28 U.S.C. § 1446, which permits removal within 30 days of the date on which it received a paper from which it could first ascertain that the case was or had become removable.

In seeking remand Plaintiffs contend that Defendant's attempt at removal is untimely, because nothing has occurred during the litigation that moved this case from non-removable to removable, such that the provision of § 1446(b)(3) should apply. 28 U.S.C. § 1446(b)(3) provides that "a notice of removal may be filed within 30 days after receipt by the defendant … of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." State Farm counters by conceding the action was not initially removable and that Plaintiffs' discovery responses, provided in state court, did not provide notice that the case was subject to removal. Defendant contends, however, that a Motion to Quash, filed by Plaintiffs on September 8, 2014, provided the "other paper" necessary to establish that removal was appropriate. "The removal clock only started running when Plaintiffs took

actions making clear their position that their counsel's July 21 assertions apply equally to this case." Response to Motion to Remand, p. 19.[1]

The Court disagrees with Defendant's characterization of both the Plaintiffs' counsels statements at the July 2, 2014 hearing and the subsequent motion, which allegedly extended its position to this particular case. First, an "other paper" under § 1446(b)(3) must provide a "clear and unequivocal notice" of the right to remove and "should not be ambiguous." *Akin*, 156 F.3d at 1035-36 (quoting *DeBry v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Cir. 1979)). Furthermore, in determining whether removal is timely, "all factual and legal issues must be resolved in favor of the plaintiff." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (quoting *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)).

The Motion to Quash does not "unequivocally" notify State Farm that there is no factual basis for the Plaintiffs' claims against Defendant Cavnar. Nothing therein indicates that Plaintiffs will dismiss its claims against the agents or that the claims against the non-diverse Defendant are not viable. Indeed Plaintiffs' position prior thereto was that the claims were valid under Oklahoma law, as indicated by its response in opposition to a motion to dismiss filed by Defendants in the District Court of Cleveland County.

---

[1] As the parties are aware, this is one of eleven cases filed against State Farm and a number of agents stemming from the May 2013 tornado in Moore, Oklahoma. The cases were all filed originally in the District Court of Cleveland County and consolidated in that forum for discovery and pretrial purposes. Therefore, many of the documents cited by the parties were filed in other cases which are related, albeit, indirectly. Defendant contends that Plaintiffs' counsel's statements at a July 21, 2014 hearing regarding removability did not unequivocally apply to this case, and that the Motion to Quash, filed in this action while pending in the District Court of Cleveland County gave Defendants first notice that the statement applied herein.

State Farm also argues that Plaintiffs' arguments in state court that State Farm could remove anytime within one year "waived any objections to any procedural deficiencies in State Farm's removal." Doc. No. 31, at 3. Even if Plaintiffs' counsel's statements could reasonably be interpreted in this manner, State Farm cites no authority for its contention that a plaintiff can waive the procedural requirements of § 1446 *prior* to removal. *See Sheldon v. Khanal*, 502 F. App'x 765, 771 (10th Cir. 2012) (unpublished) ("Nonjurisdictional defects must be raised within 30 days *after* the filing of the notice of removal or they are waived." (emphasis added) (citations omitted)). Because one cannot "ascertain" a "clear and unequivocal notice" of a right to remove from the Motion to Quash, and State Farm has not pointed to any "other paper" satisfying the requirements of § 1446(b)(3), State Farm's removal was improper and untimely under the provisions of 28 U.S.C. § 1446(b)(3).[2]

As noted above, Defendant filed an Alternative Motion to Conduct Jurisdictional Discovery, stating therein that should the Court determine that the current record is not sufficient to establish fraudulent joinder that it should permit Defendants to engage in jurisdictional discovery to support their fraudulent joinder theory. In support of its position, State Farm cites to *McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008), in which the Tenth Circuit stated that it is within the Court's discretion to grant such

---

[2] In light of the one year period for removal set forth in § 1446(c), the above would seem to foreclose removal to defendants who find themselves unable to conduct timely jurisdictional discovery in state court. The caveat added to § 1446(c) by the 2011 amendments, however, offers the potential for timely removal under § 1446(b)(3) even after one year, where the court "finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." *See Aguayo v. AMCO Ins. Co.*, --- F.3d - -, 2014 WL 5859098 (D.N.M. Oct. 31, 2014)(discussing and assessing bad faith exception to the one year rule in cases alleging fraudulent joinder).

discovery requests. *Id.* ("[P]erhaps because there was no time to do so in state court"). The Court declines to provide for jurisdictional discovery in this case for two reasons. First, State Farm has not produced sufficient evidence demonstrating its inability to obtain supporting evidence during its entire time in state court, even though it "believed from the outset of this case that Plaintiffs here have no more basis for their purported claims against Earles than the plaintiffs in *Neil* had for their claims against Stout." Doc. No. 16, at 4; *see Neill v. State Farm Fire & Cas. Co.*, No. CIV-13-627-D, 2014 WL 223455, at *4 (W.D. Okla. Jan. 21, 2014) (dismissing Defendant Stout as fraudulently joined). Second, in *McPhail* there was no argument that the removal was untimely under § 1446(b), which the Court finds and this Court has found no Tenth Circuit case in which jurisdictional discovery was permitted in federal court when neither thirty-day period in § 1446(b) was triggered. In its Notice of Supplemental of Authority State Farm directs the Court to a recent decision in *Misner v. State Farm Fire & Cas. Co.*, No. CIV-14-873-D, 2014 WL 6879094 (W.D. Okla. Dec. 4, 2014). In that case, the Court found that State Farm's Notice of Removal was not untimely because "the two 30-day periods of § 1446(b) are not the exclusive time periods for removal," and granted State Farm leave to conduct jurisdictional discovery to support its claim of fraudulent joinder. *Id.*

In support of the argument that the two thirty-day periods in § 1446(b) are not the only time in which a defendant may remove, the Court in *Misner* cites to three cases from the Second, Seventh, and Ninth Circuit Courts of Appeals. But in each of these cases, the

5

Circuit Courts held that removal was not improper under § 1446(b) when the defendant had found a basis for removal on its own investigation, *prior to removal*.[3] In those cases, the reasoning was that a plaintiff should not "be able to prevent or delay removal by failing to reveal information showing removability and then object[] to removal when the defendant has discovered that information on its own." *Roth*, 720 F.3d at 1125.

Removal may be timely when a defendant independently discovers information justifying removal and *then* files a notice of removal within one year of the commencement of the action; but that is not the case here. State Farm is asking the Court to conduct jurisdictional discovery so that it can find evidence to support the Notice of Removal that it has already filed. Although the two thirty-day periods do not begin to run until there is "clear and unequivocal notice" of the right to remove because there is no "duty to investigate" in state court, *Akin*, 156 F.3d at 1036, there is no right to investigation in federal court for a defendant who has never received such notice and has

---

[3] *See Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 147 (2d. Cir. 2014) ("When neither 30-day removal clock of 28 U.S.C. § 1446(b) was triggered, may MERS remove based on its own investigation? … The Ninth Circuit has resolved this question, and we agree with its approach."); *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 821 (7th Cir. 2013) ("The 30–day removal clock is triggered by the defendant's receipt of a pleading or other paper that affirmatively and unambiguously reveals that the case is or has become removable. Here, Trailer Transit never received a pleading or other paper from Walker specifically disclosing the damages demand. Trailer Transit based its notice of removal on its own estimate of damages after Walker introduced a new theory of damages into the case in response to requests for admission. Because the removal clock never started to run, the district court properly denied the motion to remand."); *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013) ("We conclude that §§ 1441 and 1446, read together, permit a defendant to remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines.").

not, through its own voluntary investigation in state court, uncovered evidence justifying removal in the one-year removal period.

## Conclusion

In accordance with the foregoing, State Farm's motion to conduct jurisdictional discovery and for a stay of the Court's ruling on the motion to remand [Doc. No. 16] is DENIED, and Plaintiffs' Motion to Remand [Doc. No. 9] is GRANTED. Plaintiffs seek their costs and fees resulting from State Farm's improper removal. The Court "may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Because State Farm did not lack an objectively reasonable basis for removal, as evidenced by the disparity in opinions from the judges in this District, Plaintiffs' request for fees and costs is denied.

IT IS SO ORDERED this 12th day of December, 2014.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE